## EDGE *v.* HOLCOMB.

1. The Penal Code (1895), § 813, as amended by the act approved December 17, 1901 (Acts 1901, p. 43), which provides for the appointment of a board of jury commissioners by the judge of the superior court, and which declares that "said judge shall have the right, however, to remove said jury commissioners at any time in his discretion for cause, and at once appoint successor or successors," does not require that a jury commissioner shall be given a hearing on charges preferred against him before he can be removed. The statute confers on the judge the power of removal when, in his discretion, he deems the removal of the com-

missioner to be advisable. The words "for cause" are simply admonitory to the judge that his discretion shall not be oppressively or capriciously exercised.

2. The statute does not offend the due-process clauses of either the Federal or the State constitution, nor is it opposed to the guaranty of art. 1, sec. 1, par. 2, of the State constitution, that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," in that the statute undertakes to deprive a public officer of his office without notice or hearing.

FEBRUARY 18, 1911.

Quo warranto. Before Judge Kimsey. Stephens superior court. September 13, 1910.

*Fermor Barrett,* for plaintiff.

EVANS, P. J. The plaintiff in error was appointed as one of the jury commissioners of the county of Stephens, but before the expiration of his term he was removed from office, without notice or hearing, by the judge of the superior court, whose judicial circuit included the county of Stephens, and his successor was immediately appointed. He filed an information asking leave to file a proceeding in the nature of quo warranto against his successor, and his application was denied. It is to this judgment that exception is taken.

1. The statute, as amended by the act of 1901, provides: "There shall be a board of jury commissioners, composed of six discreet persons, who shall hold their appointment for six years, and who shall be appointed by the judge of the superior court. On the first appointment two shall be appointed for two years, two for four years, and two for six years, and their successors shall be appointed for six years. Said judge shall have the right, however, to remove said jury commissioners at any time in his discretion, for cause, and at once appoint successor or successors." Penal Code (1895), § 813; Acts of 1901, p. 43. The various assignments of error call for a construction of this statute, and a decision upon its constitutionality. The judge of the superior court is primarily charged with the administration of the law within his jurisdiction. He is the presiding officer of the court, and all writs or processes must be signed by him, or bear test in his name when signed by a ministerial officer. Under our system of jurisprudence the judge is forbidden to express an opinion upon any disputed fact in cases tried before a jury. It is the aim of the law that the jury shall be composed of men competent and qualified to perform their important functions, and to that end it is provided that the jury com-

missioners shall select from the taxpayers upright and intelligent men to serve as jurors.. It is apparent that the efficiency of the jury system largely depends upon the wisdom of the jury commissioners in selecting the jurors.   Jury commissioners should not only possess qualities of citizenship, but also the power of discrimination in determining the qualifications of the men whom they select from the body of citizens eligible to jury service.   It may be that a jury commissioner is a man generally regarded as an upright and intelligent citizen, and yet, because of his environment or lack of acquaintance or familiarity with the citizenship of the county, he can not render efficient service as a commissioner.   The statute indicates that the General Assembly, appreciating the great responsibility as well as the delicate position of the judge of the superior court, upon whom was imposed the duty of appointing jury commissioners, vested in that official a discretion as to the removal of the jury commissioners.   The provision in the statute that the judge shall remove a jury commissioner at any time within his discretion for cause was never intended to require that there should be a trial upon notice; because in the nature of the case, if the removal be limited to specified cause, then there would be no room for the exercise of any discretion.   The legislative intent is clear that the power of removal was lodged with the judge as an act of discretion; the addition of the words "for cause" being simply admonitory that this discretion should not be arbitrarily or capriciously exercised.   The judge is to determine whether the proper administration of the law requires a change of commissioners; and if he reaches that conclusion, then the statute confers upon him the discretion to remove the jury commissioner, and that, too, without any notice or trial.

2.   It is said that this construction renders the statute unconstitutional, as violative of the due-process clauses of the State and Federal constitutions, and also of the constitution of the State of Georgia, article 1, section 1, paragraph 2, "Protection to person and property is the paramount duty of government, and shall be impartial and complete." We think these contentions have been decided adversely to the plaintiff in error by the ruling in the case of *Gray* v. *McLendon*, 134 *Ga.* 224 (67 S. E. 859), where the subject is very elaborately discussed and many authorities collated.   We will only observe that a careful study of the cases discloses that in the early

history of the English jurisprudence the right to hold office was regarded as a property right, and many decisions were made in recognition of this principle; but the American courts now uniformly hold that an office, relatively to the government, is a public trust, and not a property right. Where an office is created by the legislature, the power which created it may fix its term and provide for the sooner determination thereof, and the officer takes the office with this limitation. If the power to remove an officer be only for cause, the courts generally hold that notice and hearing are prerequisite to removal; but when the power to remove is at pleasure, or in the discretion of an official or official body, then the power to remove is a power without limitations, and in such cases the officer is not entitled to notice or hearing. Eckloff v. District of Columbia, 135 U. S. 240 (10 Sup. Ct. 752, 34 L. ed. 120); O'Dowd v. City of Boston, 149 Mass. 443 (21 N. E. 949).

*Judgment affirmed. All the Justices concur.*