FOSTER *et al.* *v.* MAYOR & COUNCIL OF COLLEGE PARK *et al.*

GILBERT, J. 1. By an act passed in 1908 (Georgia Laws 1908, p. 555, sec. 1) the charter of the City of College Park was so amended as to authorize the establishment and maintenance of a system of public

schools for said city, and to levy and collect an annual tax, in addition to all other taxes allowed by law, *not to exceed one fourth of one per cent.*, on all taxable property of the city; the fund arising therefrom to be used for the purposes named, and for no other. Section 2 of said act provided that it should not become operative until there had been an election on the question proposed, and further provided that the mayor and council should order an election which could not be held earlier than January 1, 1909. On March 31, 1917, under the authority of an ordinance passed by the city, the question of establishing and maintaining public schools in the city by local taxation in conformity with article 8, section 4, paragraph 1, of the Constitution of Georgia, was submitted to the voters. In said election one hundred twenty-five votes were cast in favor of the proposition, and twenty-four were cast against it, showing more than a two-thirds majority in favor of the establishment of the local school system. *Held:*

(*a*) There being, under the act of 1908, no limit of time within which the referendum could be held, except that it could not be held earlier than January 1, 1909, the election on March 31, 1917, was not illegal and void on the ground that it was unauthorized by the act of 1908.

(*b*) The referendum election on March 31, 1917, was not illegal and void on the ground that the ordinance of the municipality calling the election did not in any way mention or refer to the act of 1908. That act was operative, and all citizens and taxpayers of the municipality were conclusively presumed to know of its existence and its provisions. It would have been more satisfactory, and more in accord with the spirit and intention of the law, had the ordinance referred fully and specifically to the act; but a failure to do so was not fatal.

2. By the act of 1916 (Georgia Laws 1916, p. 647) the act of 1908, just cited, was amended by striking " one fourth " wherever the same appeared, and substituting therefor " one half," so that the municipality would be authorized to levy a tax of " one half of one per cent.," in lieu of one fourth of one per cent. This act made no provision for a referendum. It was not necessary that it should make provision for a referendum, because it was intended to have, and had, the effect alone of amending the previous act of 1908 which contained a referendum. When a referendum election was called by the municipality for March 31, 1917, the election and the call therefor necessarily had reference to the act of 1908 as amended by the act of 1916.

3. The act of 1920 (Georgia Laws 1920, pp. 1188, 1190), in section 4, amended the acts of 1908 and 1916 above mentioned, so that the amount of the annual tax therein provided for should be one per cent., and further provided " that the amendment relating to the change in the tax rate in this section shall not be effective until ratified by a majority of the people voting in an election to be called by the Mayor and Council of the City of College Park, said election to be held as other elections of the City of College Park." *Held,*

that the provision in the act of 1920, to the effect that the said amendment could be ratified by " a majority vote of the people," is in conflict with article 8, section 4, paragraph 1, of the constitution (Civil Code of 1910, § 6579), as it existed at the date of the approval of the act, August 10, 1920; and also in conflict with the provisions of said section of the constitution after the amendment ratified in the general election of November, 1920. This section of the constitution, both before and after amendment, required such ratification to be by two thirds of the persons voting at such election. The constitutional provision found in the Civil Code (1910), § 6579, has been held not to be self-executing. *Brooks* v. *Loganville,* 134 *Ga.* 358 (67 S. E. 940); *Burkhart* v. *Fitzgerald,* 137 *Ga.* 366 (73 S. E. 583). The referendum clause in the act of 1920 being void because of the conflict with the constitution as above shown, it cannot be upheld as a valid referendum with the void portions stricken. The entire referendum clause is rendered void by the unconstitutional portion thereof.

4. It having been held, in the next preceding headnote, that the referendum clause of the act of 1920 was unconstitutional and invalid, it necessarily follows that the election held under the authority of the same was also void and of no legal and binding effect. This renders it unnecessary to deal specifically with the questions raised in regard to the sufficiency of the registration list used in the election. On the question, however, of the necessity of swearing the voter as to his qualifications when registering, see *Brown* v. *City of Atlanta,* 152 *Ga.* 283 (109 S. E. 666); *Chapman* v. *Sumner Consolidated School Dist.,* 152 *Ga.* 450, 453 (109 S. E 129); *Stephens* v. *Ball Ground School Dist.,* 153 *Ga.* 690 (113 S. E. 85). As to the necessity for payment of State and county taxes as well as municipal taxes, see *Garrett* v. *Cowart,* 149 *Ga.* 557 (101 S. E. 186).

5. " The 19th amendment to the constitution of the United States, providing that the right to vote shall not be denied or abridged on account of sex, is self-executing, and removes the electoral disqualification on account of sex." *Brown* v. *City of Atlanta, Stephens* v. *Ball Ground School Dist.,* supra.

6. Applying the principles ruled above, the court erred in refusing to enjoin the tax levy as prayed.

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting from the ruling in the second headnote.*

No. 3250. JANUARY 24, 1923. REHEARING DENIED FEBRUARY 27, 1923.

Petition for injunction. Before Judge Pendleton. Fulton superior court. December 19, 1921.

*Garland M. Watkins, Mark Bolding,* and *Dorsey, Brewster, Howell & Heyman,* for plaintiffs.

*George P. Whitman,* for defendants.