SMITH *et al.* *v.* CITY COUNCIL OF AUGUSTA *et al.*
(two cases).
PAGE *et al.* *v.* SMITH *et al.*

Nos. 16154, 16169, 16180.   APRIL 13, 1948.

512

*Harris, Chance & McCracken, C. W. Killebrew, George C. Nicholson, Oliver K. Mixon,* and *Hammond, Kennedy & Sanders,* for Smith *et al.*

*Fulcher & Fulcher, Cumming, Nixon & Eve, Hull, Willingham, Towill & Norman,* and *John D. Capers,* for City Council of Augusta *et al.*

*Nathan Jolles,* for Page *et al.*

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ The controlling question here is whether or not the charter amendment of the City of Augusta (Ga. L. 1947, p. 320) is valid under the Constitution, article 3, section 7, paragraph 15. The enrolled copy, which was signed by the presiding officers of the two branches of the General Assembly and approved by the Governor, does not have attached thereto and made a part thereof proof of the advertisement as required by the Constitution. This court held in *Smith* v. *McMichael,* 203 *Ga.* 74 (45 S. E. 2d, 431), that the absence of such proof of advertisement in the enrolled copy of a local bill rendered it unconstitutional and void. While this court had that case under consideration every phase of the question involved was thoroughly discussed and considered, and the opinion sets forth the reasons for the judgment there rendered. We deem it unnecessary to repeat here what was there said or to set forth further argument in support of that judgment. That decision is adhered to and requires a reversal of the judgment of the trial court, which held the present act to be constitutional.

■ There was no referendum in the *Smith* case, supra. It is, therefore, contended by counsel for the defendants in error here that, since the present act provided for a referendum and required that it be approved by a majority of the voters before it would become operative, the decision in the *Smith* case, supra, is not controlling here. It is contended that the wishes of the people affected should outweigh all other considerations when we come to pass upon the validity of the act. We recognize that the supreme authority in this State is the people, but the State Constitution was established by the people and must be obeyed, not only by the three coordinate branches of the government, but by the people as well. The clause of the Constitution here

involved is a deliberate creation of the whole people, and it will not yield, so long as it remains a part of the Constitution, to the wishes or temporary convenience of anyone. This court has been repeatedly required to hold unconstitutional and invalid legislative acts which have been approved by the people affected in a referendum. *Sellers* v. *Cox,* 127 *Ga.* 246 (56 S. E. 284); *Green* v. *Hutchinson,* 128 *Ga.* 379 (57 S. E. 353); *Pickering* v. *Campbell,* 146 *Ga.* 636 (92 S. E. 74); *Foster* v. *College Park,* 155 *Ga.* 174 (117 S. E. 84). To uphold as valid an unconstitutional act simply because it has been approved by a vote of the people affected in a referendum for which it provides, would at once nullify such constitutional mandate as that a bonded indebtedness of a political subdivision should not exceed 7 percent of the appraised value of the taxable property therein. Article 7, section 7, paragraph 1, Code (Ann. Supp.), § 2-6001. If the people of this State desire to modify the Constitution so as to enable the courts to uphold legislative acts which have been approved in a referendum, although they do not conform to the requirements of the present Constitution, this can be done in a legal and constitutional manner by amending the Constitution to that effect. But the plain language of the Constitution, that "No local or special bill shall become law unless there is attached to and made a part of said bill a copy of said notice [of intention to apply therefor] certified by the publisher, or accompanied by an affidavit of the author, to the effect that said notice has been published as provided by law," makes no exception, and thus the court, in obedience to that provision of the Constitution, is without authority to make any exception.

But counsel for the defendants in error cite Paulsen *v.* Portland, 149 U. S. 30 (13 Sup. Ct. 750, 37 L. ed. 637); *Key* v. *Wofford,* 175 *Ga.* 749 (166 S. E. 204), and *Johnson* v. *Arnold,* 176 *Ga.* 910 (169 S. E. 505), maintaining that a city is a miniature State, that the council is its legislature, and the charter is its constitution. From this premise it is argued that the law regulating the adoption of amendments to the Constitution should apply in the adoption of amendments to a charter when submitted to a referendum. This argument overlooks the fundamental fact that the people, and not the legislature, write and

give life to the Constitution, while the legislature, and not the people, write and give life to municipal charters. Counsel cite *Cooney.* v. *Foote,* 142 *Ga.* 647 (83 S. E. 537, Ann. Cas. 1916B, 1001), and *Walker* v. *East Rome,* 145 *Ga.* 294 (89 S. E. 204), in support of the contention that the present act did not become law until and unless approved in a referendum, and say it was not such a law as contemplated by the Constitution and, hence, the constitutional requirement as to advertisement is inapplicable. The cases relied upon do not sustain the argument made. It was said by this court in *Sellers* v. *Cox,* supra, at page 255: "The plaintiffs do not undertake to set aside the election adopting the local act of 1905, but to assert that the General Assembly was without authority to pass that act, and nothing done at the election or afterwards could operate to render it a constitutional law. The position of the plaintiffs is unanswerable." Again, in *Foster* v. *College Park,* supra, it was said: "The referendum clause in the act of 1920 being void because of the conflict with the Constitution as above shown, it cannot be upheld as a valid referendum with the void portions stricken. The entire referendum clause is rendered void by the unconstitutional portion thereof. It having been held, in the next preceding headnote, that the referendum clause of the act of 1920 was unconstitutional and invalid, it necessarily follows that the election held under the authority of the same was also void and of no legal and binding effect."

The defendants in error do not, and indeed could not, contend that the act would ever become effective in the absence of its approval in the referendum, since by its terms it expressly provides for the referendum as a condition precedent to its operation. It is obvious, therefore, that the legislature intended the portions of the act providing for a referendum to become effective immediately upon its approval by the Governor. To become effective it must become a law, but under the Constitution the absence of the required proof of advertisement prevents it from becoming a law. It follows that the referendum was unlawful, and the result of the unlawful referendum was likewise unlawful. See *Cox* v. *Hapeville,* 203 *Ga.* 263 (46 S. E. 2d, 122).

■ Finally, counsel for the defendants in error contend that,

even though the act be unconstitutional, this court should apply the doctrine of argumentum ab inconvenienti, as was done in *Solomon* v. *Commissioners of Cartersville*, 41 *Ga.* 157, *Gormley* v. *Taylor*, 44 *Ga.* 76, and *Macon & Augusta Railroad Co.* v. *Little*, 45 *Ga.* 370. It is insisted that a judgment now holding the act invalid would create disorder and confusion in the city government, since the city is now organized and has been operating under the act since January, 1948. In the cases cited this court applied the doctrine in cases where to have held otherwise would have rendered void many legislative acts enacted over a long period of years and in reliance upon which private rights had been established. We have here an act approved in 1947 which by its terms could become operative on January 1, 1948. This record shows that, before the date on which it would become effective, the plaintiffs in error challenged its validity and sought in the trial court to secure a judgment holding it unconstitutional. Therefore, whatever action the city has taken in reliance upon this act was done with notice of the attack upon it and of the possibility that it would be held unconstitutional. The facts do not make a case authorizing the application of the doctrine invoked. As stated in the foregoing opinion, the Constitution makes no exception, and by its terms every local or special law must contain in its final form as approved by the legislature proof of its advertisement as there required. This court will uphold the Constitution and thus hold that no local bill shall become law unless thus enacted. The present act, being a local bill and failing to meet the requirements of the Constitution, is unconstitutional and void, the trial court erred in holding it valid.

*Judgment reversed in each case. All the Justices concur. Jenkins, C. J., concurs specially.*

JENKINS, C. J., concurring specially. Although I dissented in the case of *Smith* v. *McMichael*, 203 *Ga.* 74, the decision in that case became the law, and under the decision there rendered I agree to the opinion and judgment in this case.