BERGMAN *v.* DUTTON, Mayor, *et al.*
DUTTON *et al. v.* BERGMAN *et al.*

Nos. 16170, 16174. MAY 14, 1948.

*Spence M. Grayson* and *Ernest J. Haar*, for Bergman.

*A. Leopold Alexander, Alexander & Wells, Thomas H. Gignilliat,* and *Aaron Kravitch,* for Dutton *et al.*

HEAD, Justice. ■ The bill of exceptions in this case assigns error on a judgment of the Superior Court of Chatham County, holding unconstitutional and void an act of the General Assembly amending the charter of the Town of Savannah Beach, Tybee Island (Ga. L. 1947, pp. 593-601). Counsel for the plaintiff in error concede that the judgment holding the act unconstitutional follows the judgment of this court in *Smith* v. *McMichael,* 203 *Ga.* 74, and *Cox* v. *Hapeville,* 203 *Ga.* 263, but it is contended that the act amending the charter of the Town of Savannah

Beach, Tybee Island, showed substantial compliance with the requirements of art. 3, sec. 7, par. 15 of the Constitution of 1945, and that the judgment of the lower court should therefore be reversed. The distinction relied upon by counsel appears in the record from certified copies of the enrolled act and the original bill. The enrolled act contains the words, "Certificate of publication attached to original bill," and the certified copy of the original bill has attached thereto a copy of a published notice, and affidavit by the publisher that the notice was published on December 28, 1946, and on January 3 and January 10, 1947.

In *Smith* v. *McMichael*, supra, it was stated that the Constitution of 1877 contained a provision in general terms requiring the publication of notice to introduce local legislation, the specific requirement being fixed by statute, which required publication and posting at the courthouse door, and that, under the law as it existed prior to the Constitution of 1945, a properly enrolled act of the legislature was conclusively presumed to have been enacted in accordance with all constitutional requirements, and it was not permissible to show to the contrary. The court then stated in part: "In the new law [Constitution of 1945] the proof of notice speaks for itself, with the result that under the new law the record of the bill as enrolled provides its own proof as to the prescribed notice, and there is no room for any presumption or other form of proof." If, as appears to be the contention in this case, the enrolling clerk failed to copy the proof of advertising attached to the original bill into the enrolled act, no form of proof can be introduced so as to prevent the enrolled act from being in conflict with the Constitution, art. 3, sec. 7, par. 15. This court fully considered just such a possibility as that which appears to be the basis for the contention that a distinction should be made in this case (failure by an enrolling clerk to copy the proof of advertising) in *Smith* v. *McMichael*, and there held that such failure, under the Constitution, would not permit any form of proof to supply that which the enrolled act did not contain, proof of advertising. The rulings of this court in *Smith* v. *McMichael* were followed in *Cox* v. *Hapeville*, supra, and again in *Smith* v. *Augusta*, 203 *Ga.* 511 (47 S. E. 2d, 582), decided since the oral argument in this case, wherein it was stated

by the court in part as follows: "The Constitution makes no exception [that the enrolled act must contain proof of publication], but applies alike to any and all local or special bills, and in obedience to the Constitution this court will make no exception." On review, this court is convinced that its decisions in the cases cited (which counsel request the court to overrule) are not at variance with the mandatory provisions of the Constitution, art. 3, sec. 7, par. 15. The motion to overrule is denied. The judgment of the trial court holding the act amending the charter of the Town of Savannah Beach, Tybee Island (Ga. L. 1947, pp. 593-601), unconstitutional and void is affirmed.

■ In the cross-bill of exceptions error is assigned on that part of the court's order which enjoined the holding of the regular election at the time set by law for the election of Mayor and Councilmen for the Town of Savannah Beach, Tybee Island; and the further order that the election for such officials be held after the remittitur is received from this court. The trial court's order enjoining the holding of the election provides in part: "Since the case involves an election, the qualification of candidates and electors, and many questions of great importance to its citizens, the court believes that in the public interest there should be no election held until the Supreme Court has passed upon the issue here involved." The issue before the court was whether or not the qualifications of candidates, electors, and other matters pertaining to the election should be controlled by the amendment of 1947 to the charter, or, as provided by the act incorporating the town, and the several amendments thereto, prior to 1947 (and more particularly the amendment of 1939, Ga. L. 1939, p. 1366, which granted to persons residing outside of the town but in the county, who owned real estate in the town, the right to vote and hold office).

It is clear from the judgment of the trial court that the only act held or declared to be invalid was the amendatory act of 1947, which the trial court held unconstitutional and void, and which judgment this court has affirmed. The regular election for mayor and councilmen, if held on the regular date, would therefore be conducted under the laws controlling such election prior to the void act of 1947. Since no other law or act involv-

ing the election was attacked or declared invalid, we are called upon to pass upon the right of a trial judge to enjoin the holding of an election in a municipality under valid laws and ordinances (the invalid act of 1947 having been stricken down by the trial court).

The general rule in this country is that the holding of elections is a political matter not ordinarily cognizable in a court of equity. Exceptions to the general rule are those elections proposed to be held under a void law or ordinance, involving an unlawful expenditure of public funds, or a violation of private rights. 18 Am. Jur., p. 254, § 117. In *Ogburn* v. *Elmore*, 121 *Ga.* 72, 73 (48 S. E. 702), the rule is stated: "Elections by the people, either for the choice of public officers, or for the determination of other matters submitted to the popular vote, being the exercise of the political power, the general rule is that a court of equity will not interfere in any matter concerning the same. However, if under the guise of an election which is really unauthorized by law, the property or person of the citizen is imperiled, equity will interfere." For cases applying the general rule that equity will not interfere with the holding of elections, see: *Harris* v. *Sheffield*, 128 *Ga.* 303 (57 S. E. 305) ; *Printup* v. *Adkins*, 150 *Ga.* 347 (103 S. E. 843); *Avery* v. *Hale*, 167 *Ga.* 252, 254 (145 S. E. 76) ; *Sibley* v. *Park*, 175 *Ga.* 846 (166 S. E. 212). The exception to the general rule was applied in *Macon* v. *Hughes*, 110 *Ga.* 795 (36 S. E. 247) ; *Town of Roswell* v. *Ezzard*, 128 *Ga.* 43 (57 S. E. 114) ; *Town of Maysville* v. *Smith*, 132 *Ga.* 316 (64 S. E. 131) ; *Tolbert* v. *Long*, 134 *Ga.* 292 (67 S. E. 826, 137 Am. St. R. 222) ; *Marbut* v. *Hollingshead*, 172 *Ga.* 531 (158 S. E. 28).

This case presents no exception to the general rule. Valid laws governing the election of officials of the Town of Savannah Beach, Tybee Island, were of full force and effect. (See *Harris* v. *McMillan*, 186 *Ga.* 529, 198 S. E. 250, where the act of 1939, amending the charter of the town, was sustained by this court.) The contingency that this court might reverse its position and overrule certain of its own decisions, so as to reverse the judgment declaring invalid the act of 1947, amending the charter of the Town of Savannah Beach, Tybee Island, was not sufficient cause for enjoining the holding of the election on the date pro-

vided by law. Nor can any election be held under the order of the court which purports to provide for an election at a later date. The charter amendment of 1922 (Ga. L. 1922, p. 987) provides that under that amendment the first election for mayor and councilmen of the municipality shall be held on the first Monday in April, 1924, and every two years thereafter. The only lawful election that could have been held for the election of mayor and councilmen was on the first Monday in April, and the judiciary of this State can not provide another or different date for the election. If the General Assembly sees fit to provide a special election for the selection of mayor and councilmen, prior to the first Monday in April, 1950, it may do so. Otherwise, "the mayor and councilmen shall hold their respective offices until their successors are duly elected and qualified." Ga. L. 1922, p. 987, § 3. That part of the court's judgment excepted to in the cross-bill of exceptions is reversed.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. All the Justices concur.*