NICKLES *et al. v.* COUNTY BOARD OF EDUCATION OF RICHMOND COUNTY *et al.*

JENKINS, Chief Justice. 1. The act of the General Assembly (Ga. L. 1947, pp. 145-172), pertaining to the management and control of the public-school system of Richmond County, being a special act, and therefore subject to the provisions of art. III, section VII, par. XV of the Constitution of 1945 (Code, Ann. Supp., § 2-1915) does not contain proof of advertisement as therein required, and, therefore, under the several recent decisions of this court, is unconstitutional and void, notwithstanding the fact that such void act was approved by the voters of Richmond County in a referendum had for the purpose of giving it effect. *Smith* v. *McMichael,* 203 *Ga.* 74 (45 S. E. 2d, 431) ; *Smith* v. *Augusta,* 203 *Ga.* 511 (47 S. E. 2d, 582); *Cox* v. *Hapeville,* 203 *Ga.* 263 (46 S. E. 2d, 122); *Bergman* v. *Dutton,* 203 *Ga.* 672 (48 S. E. 2d, 101).

**756**

2. Art. VIII, sec. X, par. I of the Constitution of 1945 (Code, Ann. Supp., § 2-7301) carries forward the provision in the former Constitution that "Public schools systems established prior to the adoption of the Constitution of 1877 shall not be affected by this Constitution;" and it is contended, for that reason, that since the School System of Richmond County was established prior to the Constitution of 1877, this provision of the Constitution with respect to proof of advertisement can not have application to any legislation affecting the public-school system of said county. This contention is without merit. This provision as brought forward from the old Constitution, was construed by this court, in *Board of Public Education &c. for Bibb County* v. *State Board of Education*, 190 *Ga.* 581, 585, 587 (10 S. E. 2d, 365), to mean that such school systems are preserved against destruction or modification by any provision of the Constitution which might otherwise have abolished them, "and the avoidance of any such result was apparently the sole purpose of the clause in question." It is conceded that the constitutional provision here considered does not have the effect of perpetuating "existing systems as against any possible change by the legislature;" and it necessarily follows that any local or special legislation which might thus be enacted must conform to the requirements of the Constitution respecting proof of advertisement.

3. Under the foregoing rulings, the trial court erred in overruling general demurrers to the petition brought by various members of the County Board of Education of Richmond County, who were elected under authority of the act of the General Assembly above dealt with, praying for a declaratory judgment defining their rights under the above act as against the defendants, who claimed to be the duly constituted County Board of Education, and who had actually undertaken to function as such.

*Judgment reversed. All the Justices concur, except Wyatt, J., absent on account of illness.*

No. 16221. JUNE 11, 1948.

*Congdon & Harper*, for plaintiffs in error.
*Franklin H. Pierce*, contra.