CITY OF MACON *v.* WALKER; *et vice versa.*

Nos. 16451, 16452. JANUARY 11, 1949. REHEARING DENIED FEBRUARY 17, 1949.

*E. S. Sell Jr.,* for plaintiff.

*Hall & Bloch,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ It was stipulated by the parties, "That notice of the intention to

apply for passage of an act of the General Assembly (Ga. L. 1947, p. 1258) was properly advertised in accordance with the applicable provisions of the Constitution of 1945, and a copy of such advertised intention, together with the affidavit of the publisher was attached to H. B. 438, which eventuated in passage of the enrolled bill No. 337. However, the bill as enrolled made no reference to advertisement and no copy of the advertisement or affidavit of the publisher or affidavit of the author was attached to such enrolled copy." Under the ruling of this court in *Smith* v. *McMichael* 203 *Ga.* 74 (45 S. E. 2d, 431); *Cox* v. *Hapeville*, 203 *Ga.* 263 (47 S. E. 2d, 122); *Smith* v. *Augusta*, 203 *Ga.* 511 (47 S. E. 2d, 582); *Bergman* v. *Dutton*, 203 *Ga.* 672 (48 S. E. 2d, 101); *Nickles* v. *County Board of Education of Richmond County*, 203 *Ga.* 755 (48 S. E. 2d, 546), the trial court properly declared the act to be unconstitutional and void. The request to overrule these decisions is denied.

■ The defendant Walker contends, and the trial judge held, that the Mayor and Council of the City of Macon had sufficient implied charter power to enact the retirement and pension ordinance here in question even if the enabling act of 1947 (Ga. L. 1947, p. 1258) is unconstitutional. To this, however, we do not agree. It is elementary that the powers which a city government may lawfully exercise must be derived from its charter or the general laws of this State. *Mayor &c. of Savannah* v. *Wilson*, 49 *Ga.* 477; *Atlanta Ry. and Power Co.* v. *Atlanta Rapid Transit Co.*, 113 *Ga.* 481 (39 S. E. 12). And it is equally well settled that all municipal charters are strictly construed, and that powers which are not expressly, or by necessary implication, conferred upon the corporation can not be exercised by it. *Lofton* v. *Collins*, 117 *Ga.* 434, 438 (43 S. E. 708, 61 L. R. A. 150); *Walker* v. *McNelly*, 121 *Ga.* 114 (48 S. E. 718); *Town of McIntyre* v. *Baldwin*, 61 *Ga. App.* 489 (6 S. E. 2d, 372). This court in the *Lofton* case said: "A grant of power to a municipal corporation must be strictly construed, and such a corporation can exercise no powers except such as are expressly given or are necessarily implied from express grants of other powers." And further respecting the powers which may be exercised by a municipal corporation, Judge Dillon in his valuable work on Municipal Corporations has this to say: "It is a general and undis-

puted proposition of law that a municipal corporation possesses and can exercise the following powers and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to powers expressly granted; third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied." I Dillon Mun. Corp. (4th ed.), § 89. Also Mr. Cooley, another eminent author, says: "The general disposition of the courts in this country has been to confine municipalities within the limits that a strict construction of the grants of power in their charters will assign to them; thus applying substantially the same rule that is applicable to the charters of private corporations. The reasonable presumption is that the State has granted in clear and unmistakable terms all that it has designed to grant at all." Cooley's Const. Lim. (7th ed.), pp. 271-272. That it may be fairly implied from the powers expressly granted in the general-welfare clause of the city's charter that the General Assembly intended to give to the Mayor and Council of Macon power to retire and pension all employees of the city is the position taken by the defendant Walker. Such a contention, however, might be more tenable if it were not for other express provisions on the subject of retirement and pensions found elsewhere in the city's charter. But respecting this, an examination of the charter as a whole discloses that the General Assembly has several times dealt with the proposition of granting power to the city to retire and pension its employees, with the result that power has been expressly conferred upon the city to retire and pension certain designated employees, namely, the members of its fire and police departments and the employees of its Board of Water Commissioners. By an act in 1927 (Ga. L. 1927, p. 1283), which has been three times amended (Ga. L. 1937, p. 1981; Ga. L. 1939, p. 1149; Ga. L. 1943, p. 1430), the Mayor and Council have express charter authority to retire and pension those employees of the fire and police departments who have performed service for the city, in either department, for a period of 25 years; and by the act of 1943 (Ga. L. 1943, p. 1430) a retirement and pension system for the employees of the Board of Water Commissioners

was expressly authorized. The State having gone into this field and made its survey respecting the advisability of granting power to the city government to retire and pension its employees, the natural and reasonable presumption is that the General Assembly has granted in express terms to this municipal corporation all the power it has designed to grant on the subject; and this being our view of the case, it is unnecessary to enter into any extended discussion of the implied powers which have been actually conferred by the city's general-welfare clause. The maxim, "Expressio unius exclusio alterius," is the rule of construction which should be applied in the present case, and when applied we must and do hold that the State has, by its express grant of power to the city to retire and pension a limited class or group of its employees, by implication excluded from it the power to retire and pension those of another class or group. *Standard Oil Co.* v. *State Revenue Commissioner*, 179 *Ga.* 371, 375 (176 S. E. 1). See generally 35 C. J. S. p. 283; 43 C. J. 197; 59 C. J. 984; McQuillin, Municipal Corporations, Vol. I, p. 1028, § 370.

Nor can it be said that the powers granted to the city under its general-welfare clause had the effect of enlarging upon the specific grants of power, since it was expressly stated in the charter that the general grant of powers should be construed to be in aid of those powers specifically granted. (Ga. L. 1927, p. 1301, § 20).

It was therefore error for the trial court to hold that the Mayor and Council had implied power to enact the ordinance here involved.

*Judgment reversed on the main bill of exceptions; and affirmed on the cross-bill. All the Justices concur.*