City of Atlanta et al. v. Aycock et al.

Head, Justice. 1. "There is no misjoinder of parties or of causes of action, even if the petition concerns things of a different nature against several defendants whose rights are distinct, if it sets forth one connected interest among them all, centering in the point in issue in the case." *Hermann* v. *Mobley*, 172 *Ga*. 380 (3) (158 S. E. 38), and cases cited; Code, § 37-1007.

2. "A bill is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others." *Blaisdell* v. *Bohr*, 68 *Ga*. 56 (2); *Brown* v. *Wilcox*, 147 *Ga*. 546 (4) (94 S. E. 993); *Smith* v. *Hancock*, 163 *Ga*. 222, 233 (3) (136 S. E. 52); *Crandall* v. *Shepard*, 166 *Ga*. 396, 401 (2) (143 S. E. 587); *City of Macon* v. *Ries*, 179 *Ga*. 320, 326 (176 S. E. 21).

(a) "The fact that the individual interests of the plaintiffs may in some respects differ, or that all do not have an interest in all the matters embraced in such an equitable suit, will not, as to individual plaintiffs, render the petition multifarious or subject to attack for misjoinder of parties or causes of action, if each of the plaintiffs has an essential interest common to all, with a common connection and right against the defendant. Equity, taking jurisdiction, will determine all of the matters in controversy and grant appropriate relief, equitable or legal, so as to do complete justice between the parties." *O'Jay Spread Co.* v. *Hicks*, 185 *Ga*. 507, 512 (195 S. E. 564), and cases cited.

3. Under the foregoing rules, there is no misjoinder of causes of action or of parties plaintiff in the present case, and the petition is not multifarious. The property rights of all the petitioners are affected by the proceedings instituted, and by the acts of the defendants, who are alleged to be proceeding under a void act of the General Assembly (Ga. L. 1947, p. 924), and an unconstitutional, illegal and void ordinance enacted by the defendant city pursuant to the powers purported to be conferred by the act.

4. "All persons who are directly or consequentially interested in the event of the suit are properly made parties to a bill in equity, so as to prevent a multiplicity of suits by or against parties at once or successively affected by the original case." *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (3) (supra); *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150, 155 (108 S. E. 609); *Benton* v. *Turk,* 188 *Ga.* 710, 730 (4 S. E. 2d, 580). Injunction will lie to prevent a multiplicity of actions. *Burns* v. *Hale,* 162 *Ga.* 336 (3) (133 S. E. 857).

5. Under the rulings of this court in *Smith* v. *McMichael,* 203 *Ga.* 74 (45 S. E. 2d, 431), *Cox* v. *Hapeville,* 203 *Ga.* 263 (46 S. E. 2d, 122), *Smith* v. *Augusta,* 203 *Ga.* 511 (47 S. E. 2d, 582), and *Bergman* v. *Dutton,* 203 *Ga.* 672 (48 S. E. 2d, 101), the act of the General Assembly (attacked by the petition) approved March 27, 1947 (Ga. L. 1947, p. 924), is unconstitutional and void. The plaintiffs in error have made no contrary contention in this court.

6. To determine what is by law a nuisance is an exercise of judicial power, and only those things which are by the common or statute law declared to be nuisance per se, or which in their very nature are such, may be summarily suppressed. Under the general law of this State, the proper tribunal "to hear and determine the question of the existence of such nuisance" is the police court in cities having a population of 20,000 or more. Code, § 72-401.

(a) Reasonable notice to the property owner of the time and place of hearing must precede any judgment ordering the abatement of a nuisance (by the destruction of private property). *Western & Atlantic R. Co.* v. *Atlanta,* 113 *Ga.* 537 (38 S. E. 996); *Griggs* v. *Macon,* 154 *Ga.* 519 (114 S. E. 899).

7. Notice to the property owners, with an opportunity to be heard, was not given prior to the service of notices by the defendant Harper, all of which notices contained the statement, "that an examination of the premises described reveals that the same constitutes a nuisance"; and in some of which there was further language that the building had been "condemned" as a nuisance. Under the general law of this State (Code, § 72-401), the Building Inspector of the City of Atlanta was not authorized to substitute his judgment for that of the tribunal fixed by law, and serve notices on the property owners that their property "constitutes a nuisance," or that it had been "condemned." Neither the General Assembly of this State, nor any municipality thereof, has authority to suspend the "due-process" clauses of the Federal and State Constitutions (Federal Constitution, art. 14, sec. 1, par. 1, Code, Ann., § 1-815; State Constitution, art. 1, sec. 1, par. 3, Code, Ann., § 2-103); and to provide for the destruction of private property without notice to the owner of the time and place of hearing, prior to any judgment of condemnation.

8. The act of the General Assembly (Ga. L. 1947, p. 924), purporting to convey slum-clearance powers upon the governing authority of the City of Atlanta, is unconstitutional and void. The ordinance enacted by the City of Atlanta exceeds any valid charter powers of the city, and is therefore to this extent ultra vires and void. By combining their attacks upon the act of the General Assembly and ordinance referred to,

the petitioners have avoided a multiplicity of suits. The petition stated a cause of action for the relief sought.

*Judgment affirmed. All the Justices concur.*

No. 16632. MAY 9, 1949. REHEARING DENIED JUNE 16, 1949.

444

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *John E. Feagin,* for plaintiffs in error.

*Augustine Sams* and *G. H. Wotton,* contra.