## 32597. SMITH *v.* CLAYTON.

DECIDED SEPTEMBER 10, 1949.

*Wright, Rogers, Magruder & Hoyt, Wright & Scoggin,* for plaintiff in error.

*Maddox & Maddox,* contra.

SUTTON, C. J. Clayton sued Smith in the City Court of Floyd County to recover money lost in gambling transactions. The jury returned a verdict for the plaintiff for $3000 on March 22, 1949, judgment was rendered accordingly, the defendant excepted to the overruling of a motion for a new trial and brought the case to this court, and the plaintiff, the defendant in error here, moved to dismiss the writ of error.

■ It is the contention of the defendant in error that after the passage and approval of the act of 1949 (Ga. L. 1949, p. 1827), approved February 25, 1949, providing for a trial by a jury of six in the City Court of Floyd County, such court ceased to be a constitutional city court, and that consequently a writ of error does not lie directly from that court to the Court of Appeals. One of the requirements for a city court to be a constitutional city court, coming under the provisions of the Constitution of 1877, as amended in 1916, giving the Supreme Court and the Court of Appeals, within the scope of their respective jurisdictional subject-matter, the power to correct error of law from the superior courts and the City Courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established, is that there be some provision for a trial by a jury of twelve. See article 6, section 2, paragraphs 5 and 9, Constitution of 1877 (Code, §§ 2-3005, 2-3009); *Cone* v. *American Surety Co.,* 154 *Ga.* 841, 846 (115 S. E. 481). Also, see *Monford* v. *State,* 114 *Ga.* 528 (40 S. E. 798); *Welborne* v. *State,* 114 *Ga.* 793 (40 S. E. 857). The provisions of the Constitution of 1945 in regard to the jurisdiction of the Supreme Court and the Court of Appeals to correct errors of law from the superior courts and certain city courts are in substance identical with the same provisions of the Constitution of 1877, as amended in 1916. See article 6, section 2, paragraphs 4 and 8, Constitution of 1945 (Code, Ann., §§ 2-3704, 2-3708). The provisions of article 6, section 7, paragraph 1 of the Constitution of 1945 (Code, Ann., § 2-4201), giving the General Assembly the right to provide for the correction of errors from certain courts by the superior courts, the Court of Appeals, and the Supreme

Court, are not applicable to the City Court of Floyd County. The General Assembly may now provide for trial by a jury of any number, not less than five, in any court other than the superior courts. Article 6, section 16, paragraph 1, Constitution of 1945 (Code, Ann., § 2-5101). But if this were done in the case of a constitutional city court, would not such court cease to be a constitutional city court? However, since there is a provision of law for a trial by a jury of twelve in the City Court of Floyd County, unless the aforesaid act of 1949 is in effect, this court must proceed to a determination of whether or not such act is in effect, in order to determine whether or not it has jurisdiction in the present case, no other reason appearing which would deprive this court of jurisdiction in the matter. Counsel for both parties have suggested that the aforesaid act is unconstitutional, in that the enrolled act fails to show a compliance with the provisions of article 3, section 7, paragraph 15 of the Constitution of 1945 (Code, Ann., § 2-1915). Nevertheless counsel for the defendant in error insist upon a consideration of the motion for dismissal. Counsel for the plaintiff in error make the statement in their brief that the case was actually tried by a jury of twelve, by agreement of all the parties to this case, with the approval of the trial judge, and the procedure under the old act was followed in the trial of this case. Consequently, the provisions of the aforesaid act of 1949 were ignored. It is within the inherent power of this court, subject to review as provided by law, to determine its own jurisdiction. Such a question may be raised by this court ex mero motu, and consequently this court will proceed to determine whether or not it has jurisdiction of the present case, irrespective of the manner in which the questions involved may have been presented or suggested to it. The enrolled copy of the act in question, on file in the office of the Secretary of State, does not have attached to it a copy of a notice of intention to apply for local legislation certified by the publisher, nor is there an affidavit by the author to the effect that such notice has been published as required by law. Article 3, section 7, paragraph 15 of the Constitution of 1945 (Code, Ann., § 2-1915) provides that, "No local or special bill shall become law unless there is attached to and made a part of said bill a copy of said notice [of intention to apply for

local legislation] certified by the publisher, or accompanied by an affidavit of the author, to the effect that said notice has been published as provided by law." Under repeated rulings of the Supreme Court, the enrolled copy of a local bill must show a copy of the required notice and certificate or affidavit in order to become law. *Smith* v. *McMichael*, 203 *Ga.* 74 (45 S. E. 2d, 431); *Cox* v. *Hapeville*, 203 *Ga.* 263 (46 S. E. 2d, 122); *Smith* v. *Augusta*, 203 *Ga.* 511 (47 S. E. 2d, 582); *Bergman* v. *Dutton*, 203 *Ga.* 672 (48 S. E. 2d, 101); *Nickles* v. *Board of Education of Richmond County*, 203 *Ga.* 755 (48 S. E. 2d, 546); *Board of Commissioners of Roads & Revenues of Tattnall County* v. *Rogers*, 204 *Ga.* 320 (49 S. E. 2d, 897); *City of Macon* v. *Walker*, 204 *Ga.* 810 (51 S. E. 2d, 633). The Supreme Court and not this court is vested with jurisdiction in cases "in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." Article 6, section 2, paragraphs 4 and 8, Constitution of 1945 (Code, Ann., §§ 2-3704, 2-3708). However, this court, in determining its own jurisdiction, must govern its acts by what the law actually is, and not by what the law might appear to be. Under the provisions of the Constitution concerning the enactment of local laws, and the rulings of the Supreme Court applying these provisions, the act of 1949 providing for a trial by six jurors in the City Court of Floyd County is not in fact law at all, and has never been so, and this court must deal with it accordingly. This is so, even though this court is powerless to declare the law unconstitutional. This court can indulge in no presumption as to the validity of an act of the legislature when it knows that said act never became the law of this State, such knowledge arising for the reasons above stated, and it must be presumed, in the absence of anything in the record to the contrary, that the Judge of the City Court of Floyd County also was aware of the status of the act of 1949 and conducted the trial of this case without giving effect to said act. The motion to dismiss the writ of error must be denied.

■ The motion for a new trial consists only of the general grounds, and two additional grounds which are nothing more than an elaboration of the general grounds, and the sole question presented for consideration is whether or not the verdict for

$3000 for the plaintiff was authorized by the evidence. Clayton testified: that around December 16 or 17, 1947, he engaged in an intermittent series of crap games with Smith, extending over a period of two or three days; that at the beginning he lost all the cash he had on his person, about $500; that he sold Smith a Buick automobile for $3000, receiving $1800, the $1200 difference representing additional losses to Smith; that he eventually lost this $1800 to Smith; that he also cashed checks for $500, $250, and $800, and lost this money to Smith; and that during some of the time he was drunk or drinking. Several witnesses testified to the same effect as the plaintiff. It appears from their testimony that at times only Smith and Clayton were playing, and that at times there were various others in the game. Smith admitted gambling with Clayton and others, and that he bought the Buick automobile from Clayton, but testified that he paid Clayton $2850 for it, $1800 by check one night, and $1050 the next day. He also testified that he cashed some checks for Clayton and that Clayton lost this money to others, and that he never played with Clayton alone, and that he did not win much money. There was testimony of similar import from several witnesses. It was within the province of the jury to resolve the conflicts in the evidence, and by their verdict these conflicts were resolved in favor of the plaintiff. The verdict was authorized by the evidence, and the trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*