21993. PARKER et al. v. DAVIS et al.

Argued March 12, 1963—Decided April 4, 1963.

*Thomas A. Parker, Parker & McGee,* for plaintiffs in error.
*J. T. Grice, Ralph Dawson,* contra.

HEAD, Presiding Justice. 1. The general law of this State with reference to the appointment of jury commissioners provides: "The judge shall have the right to remove said commissioners at any time, in his discretion, for cause, and appoint a successor: Provided, that no person shall be eligible or appointed to succeed himself as a member of said board of jury commissioners." *Code* § 59-101, as amended, Ga. L. 1935, p. 151.

"The provision in the statute that the judge shall remove a jury commissioner at any time within his discretion for cause was never intended to require that there should be a trial upon notice; because in the nature of the case, if the removal be limited to specified cause, then there would be no room for the exercise of any discretion. The legislative intent is clear that the power of removal was lodged with the judge as an act of discretion; the addition of the words 'for cause' being simply admonitory that this discretion should not be arbitrarily or capriciously exercised. The judge is to determine whether the proper administration of the law requires a change of commis-

sioners; and if he reaches that conclusion, then the statute confers upon him the discretion to remove the jury commissioner, and that, too, without any notice or trial." *Edge v. Holcomb*, 135 Ga. 765, 767 (70 SE 644); *Carter v. State*, 143 Ga. 632, 637 (85 SE 884).

The judge of the superior court having been authorized under the statutory law and the decisions of this court to remove the board of jury commissioners in the County of Long and appoint another board, it is clear that the relators' information was without merit, and it was properly dismissed on general demurrer.

2. The judge of the superior court having acted under the valid provisions of the general law of this State in the removal and appointment of jury commissioners in Long County, it is not necessary to determine the constitutionality of an act which purports, on the basis of a classification limited to one county, to grant authority pertaining to the appointment and removal of jury commissioners varying the provisions of the general law. However, in this connection see: *Stewart v. Anderson*, 140 Ga. 31 (78 SE 457); *Christian v. Moreland*, 203 Ga. 20 (45 SE2d 201); *Smith v. City Council of Augusta*, 203 Ga. 511 (47 SE2d 582); *Hasty v. Hamrick*, 205 Ga. 84 (52 SE2d 470); *Walden v. Owens*, 211 Ga. 884 (89 SE2d 492).

*Judgment affirmed. All the Justices concur.*