*McCurry & Zellars,* contra.

---

PRINTUP *et al. v.* ADKINS.

HILL, J.   1. Elections belong to the political branch of the government, and courts of equity will not interfere to protect a *purely* political right. *Harris* v. *Sheffield*, 128 *Ga.* 299, 303 (57 S. E. 305); Walls *v.* Brundidge, Ann. Cas. 1915C, 980, note and authorities cited (109 Ark. 250, 160 S. W. 230); Dallas *v.* Dallas Consolidated Electric Street R. Co., 105 Tex. 337 (148 S. W. 292). The present case falls within the general rule above announced.

2. Applying the principle announced above to the facts of this case, the court erred in granting a temporary injunction.

*Judgment reversed. All the Justices concur.*

No. 2084.   AUGUST 16, 1920.

Injunction. Before Judge Hammond. McDuffie superior court. May 14, 1920.

A. D. Adkins filed his petition against the Democratic Executive Committee of McDuffie County, and alleged substantially as follows: On April 20, 1920, there was held in McDuffie County a primary election in accordance with the statutes as set out in § 127 et seq. of the Political Code of Georgia, for the nomination of county officers for the County of McDuffie, including sheriff. In this election the plaintiff and James E. Harrison were the only candidates for the position of sheriff. As a result of the election as shown by the consolidated returns it appears that plaintiff received 555 votes, and his opponent, Harrison, received 547 votes. On April 21, 1920, the Democratic Executive Committee for the County of McDuffie consolidated the returns of the primary election, and plaintiff was declared the nominee. A resolution was adopted providing that the ballots cast in said election be recounted. Plaintiff protested against the recounting of the ballots, on the ground that such procedure was in violation of the law in

such cases provided, unless each ballot was specified that was alleged to be improperly counted. The Executive Committee, while consolidating the returns as aforesaid, also provided for a notice of contest, giving to the contestant the privilege of filing his contest by April 24, which contest was to be heard by the Executive Committee on April 30, and was to determine such mode of procedure as might be necessary. On April 24, 1920, plaintiff received a notice from the secretary of the Executive Committee, of the filing of the notice of contest by his opponent, Harrison, which notice was accompanied by a copy of the petition of the contestant. The petition alleged, among other things, that it " is filed for recount in the nature of a contest, and request the Committee to recount all the ballots in all the precincts of said county for the office of sheriff, and to conduct such count according to such rules and regulations as the Committee may prescribe." Plaintiff is advised and believes that the Executive Committee intends to open the ballot-boxes used in said election, in violation of § 137 of the Political Code of Georgia. The petition of the contestant, Harrison, does not specify what ballots are alleged to have been illegally counted for his opponent, and does not put plaintiff upon notice as to what ballots are in controversy — the law limiting the contestant to only such ballots as he can specify under the terms provided in the statute. Plaintiff alleges that the primary election was conducted under the law providing for primary elections in the State as set forth in § 127 et seq., and that no contest can be conducted except as provided for in the statute. The petition for contest sets forth no ground upon which a contest can be predicated, it being too vague and indefinite to put plaintiff on notice of the contentions of the contestant, or to constitute a valid contest under the act. The individual members of the Executive Committee were set out in the petition. It was further alleged that plaintiff is the present sheriff of McDuffie County, and that his being declared the nominee of his party is equivalent to an election in said county, and that for the Executive Committee to illegally reverse the result of the primary election, fairly and legally obtained, would be an irreparable injury to plaintiff, for which he has no adequate remedy at law. He therefore prays, that the Democratic Executive Committee of McDuffie County and their successors in office be enjoined from opening the ballot-boxes or any

of them containing the votes cast in the primary election, and from recounting any or all of the votes cast, without complying with the law as provided in § 137 of the Political Code of Georgia; that the committee be enjoined from prescribing any rules governing the contest, not contained in the Political Code, § 127 et seq., and that they and their successors in office be enjoined from considering the petition of the contestant, as the allegations of the petition are not sufficient to base a contest thereon; and for general relief. A copy of the petition filed by the contestant, Harrison, with the Executive Committee, was attached as an exhibit. That petition contained, among other things, the allegation that the contestant "has information which leads him to believe that by an erroneous count that more than five votes that were cast for him were counted for his opponent; and that if the votes that were cast for him were counted for him, it would have been sufficient to change the result and give petitioner the nomination." It was further alleged that a number of votes were cast where the voter failed to scratch either petitioner's name or his opponent's, and that under the rules the ballots should have been counted for neither plaintiff's opponent nor himself; that some of the ballots, instead of having the name erased or scratched, "had a cross-mark in front of petitioner's opponent's name, and that instead of said ballot not being counted for either petitioner's opponent or petitioner, it was counted for petitioner's opponent, and that there were enough ballots so marked and erroneously counted for petitioner's opponent, which, if they had not been counted at all, would have given petitioner a majority of the votes cast and would have entitled him to the nomination." It was further alleged generally that there were other irregularities by which ballots which should not have been counted for petitioner's opponent were counted for him, and ballots which should have been counted for petitioner were not counted for him, and there were a sufficient number of ballots so erroneously counted as to have changed the result and given petitioner a majority of the legal votes cast and would have entitled him to the nomination.

A demurrer and an answer were filed, which were substantially the same, alleging, among other things, that the contemplated action of the Executive Committee in recounting the ballots cast at the primary election violates no law, and is not in violation of

§ 137 of the Political Code; that there has been no contest on the ground of illegal votes cast; that § 137 of the code applies only to a contest on the ground of illegal votes; that the contest here is on the ground of an inaccurate count only, that the request is for the Executive Committee to recount the votes; that it is not necessary to specify the votes that were inaccurately or improperly counted, and in the nature of the case it would be impossible to do so, and therefore § 137 of the Political Code does not apply to a case like the instant one. The case was submitted to the trial judge on the pleadings, no evidence being introduced. He granted a temporary injunction, and the defendants excepted.

*P. B. Johnson, John T. West,* and *J. B. Burnside,* for plaintiffs in error.

*I. S. Peebles Jr., C. H. Cohen,* and *B. J. Stephens,* contra.