AVERY *et al. v.* HALE *et al.*

No. 6587.   OCTOBER 16, 1928.

*P. D. Rich,* for plaintiffs.   *A. B. Conger,* for defendants.

BECK, P. J.   Pursuant to a call of the Democratic Executive Committee of Decatur County to nominate persons for the several county offices, Roland Bower, who is the present incumbent, Andrew Avery, and D. H. Wood announced for the office of county superintendent of schools.   The terms of the call of the election provided that if no candidate received a majority of all the votes cast, a second primary, or a run-over primary, should be held between the two receiving the highest vote.   At the original primary, held on March 14, 1928, Roland Bower led in the number of votes received, and Andrew Avery came second, and in accord with the rules both entered the run-over primary, which was held on March 28.   In the run-over primary, from the best information obtainable, Roland Bower received thirty-eight votes more than Avery received.   Prior to canvassing the returns and declaring the result of the election, the Democratic Executive Committee of Decatur County was enjoined from so doing; and therefore no official count or consolidation of the vote in said run-over primary has been had, and, except for reports from the several election managers, the number of votes cast and the person receiving the highest number are still officially unknown.   In the call of the primary election it was provided that all qualified voters in and of the county should be eligible to vote.   The City of Bainbridge, at the time of the call of the election and on the date of the election and for a long time prior thereto, was constituted an independent school district. The City of Bainbridge is located in the 513th militia district, which district covers a large area several miles square.   All of the voters in that district voting in the election voted at Bainbridge.

To the petition brought against the Democratic Executive Committee of Decatur County and Roland Bower, the other candidate, the defendants filed both general and special demurrers.   On the call of the case at the interlocutory hearing the petitioners offered an amendment, which was allowed, subject to demurrer, and E. J. Wilson and others offered an amendment which was likewise allowed, subject to demurrer.   Each of the amendments was demurred to generally and specially, and the demurrer was renewed to the petition as amended.   After argument, the court sustained

the general demurrer to the petition on each and all of the grounds therein set out. To this judgment the petitioners excepted.

■ In the case of *Printup* v. *Adkins*, 150 *Ga.* 347 (103 S. E. 843), it was held: "Elections belong to the political branch of the government, and courts of equity will not interfere to protect a *purely* political right. *Harris* v. *Sheffield*, 128 *Ga.* 299, 303 (57 S. E. 305); Walls *v.* Brundidge, Ann. Cas. 1915C, 980, note and authorities cited (109 Ark. 250, 160 S. W. 230); Dallas *v.* Dallas Consolidated Electric Street R. Co., 105 Tex. 337 (148 S. W. 292)." Upon comparing the facts in the instant case with those contained in the official report in the case just referred to, we are of the opinion that this case falls within the general rule there announced. And especially is this true when we consider that the rights asserted by complainants in the original petition are such only as grow out of the result of the primary election. Questions as to the irregularity of the election or as to the qualification of voters, whether their votes were illegal or not, in such a primary election are necessarily political in their character. In the case of *Ivey* v. *City of Rome*, 129 *Ga.* 286 (58 S. E. 852), it was said: "The petition seeks to raise questions as to the effect of irregularities in the manner of conducting the election, counting the votes and declaring the result. In other words, it is sought by the petitioners to have a court of equity hear and determine a contest of this election. The judge of the superior court in the first instance, and the judge and a jury of twelve men in the second instance, are called upon to determine questions which, under the act of the General Assembly, were to be determined by the managers of the election. . . The courts are powerless to interfere, unless the legislature should see proper to confer such power on them." In that case the earlier cases of *Caldwell* v. *Barrett*, 73 *Ga.* 604, and *Skrine* v. *Jackson*, 73 *Ga.* 377, are cited; and a consideration of the decisions in those cases confirms us in the opinion that a court of equity would not entertain a petition like that before us. In the case of *Ogburn* v. *Elmore*, 121 *Ga.* 73 (48 S. E. 703), this emphatic language was used: "Elections by the people, either for the choice of public officers, or for the determination of other matters submitted to the popular vote, being the exercise of the political power, the general rule is that a court of equity will not interfere in any matter concerning the same." Again, in the case

of *Harris* v. *Sheffield,* 128 *Ga.* 303 (supra), it was said: "Elections belong to the political branch of the government and are beyond the control of judicial power. It was not designed, when the fundamental law of the State was formed, that either department of government should interfere with the control of the other; and it is for the political power of the State, within the limits of the constitution, to provide the manner in which elections shall be held. And until the courts are empowered to act, by the constitution or legislative enactment, they must refrain from interference." See also *Coleman* v. *Board of Education,* 131 *Ga.* 643 (5) (63 S. E. 41). There is nothing in the present case to take it out of the rule laid down in the first case cited above.

■ Paragraph 9 of the original petition reads as follows: "That your petitioner resides in said county, outside the said City of Bainbridge Independent School District; and the said Roland Bower resides within the incorporate limits of the said City of Bainbridge and also within the said Independent School District, and for this reason the said Bower is ineligible to hold the office of county school superintendent." An amendment was offered by which the following allegation was added to this paragraph: "Also ineligible to vote for said officer in any election held therefor, and is therefore legally disqualified to participate in the said primary election." The following additional paragraphs were also added to the petition: (17) "That petitioner is a citizen and taxpayer of said county residing outside of said Independent School District; that said primary election is equivalent to an election in said county; that the qualified voters of said county are bound by party rules to support the declared nominee in said primary in the general election; that to permit said Executive Committee to declare the said Bower the nominee in said primary will result in his election to an office that he is not legally qualified to hold, and he will have an apparent demand for compensation provided therefor from the public funds, the payment of which will have to be resisted at the expense of the taxpayers, or illegally paid to him out of said public funds, thereby rendering necessary a multiplicity of actions." (18) "That said Bower is now holding the said office illegally, because at the time of his election and since said time he has been a bona fide resident of the said Bainbridge Independent School District, was and is legally disqualified to vote

for any candidate for said office, and therefore can not legally hold said office." And the following additional prayer is made by this amendment: "That the office of county superintendent of schools of Decatur County be declared vacant." It will be seen that by this amendment it is sought to introduce allegations peculiar to proceedings in the nature of quo warranto, and to convert the original petition for injunction into a quo warranto proceeding. This was introducing a new cause of action, and the amendment was demurrable upon that ground. Moreover, if the right conclusion has been reached and announced in the first division of this opinion, there was nothing in the petition to amend by. And this rule is applicable also to the second amendment offered in this case. Consequently, the judge did not err in sustaining the demurrer to the original petition and to the petition as amended.

*Judgment affirmed. All the Justices concur.*

HINES, J. By implication, contests of primary elections on the ground of illegal votes are provided for. Civil Code (1910), § 137. The method of conducting such contests is not clear. Whether such contests can be conducted under section 125 of the Civil Code, or must be conducted under rules of the political party holding such elections, or whether resort can be had to equity under some exception to the general rule that a court of equity will not interfere in such contests, need not be decided. There can be no contest of an election upon the ground of illegal votes until the result of the election has been declared. I concur in the result reached.