TAYLOR *et al.* v. CHATTOOGA COUNTY *et al.; et vice versa.*

Nos. 7440, 7458. JUNE 14, 1930.

*Wright, Wright & Covington* and *E. S. Taylor,* for plaintiffs.

*Maddox, Matthews & Owens, J. M. Bellah, Wesley Shropshire,* and *Rosser & Shaw,* for defendants.

ATKINSON, J. ■ In this case the petition before amendment was a suit for injunction. At a hearing *before the appearance term* the judge, "after hearing the evidence and argument," entered a judgment refusing "the restraining orders prayed for" and dissolving "the restraining order heretofore granted." That judgment was not such final disposition of the case as would deprive

the court of jurisdiction to entertain an amendment to the original petition, or to proceed with trial of the case at a regular term after the appearance term. In this connection see *Crovatt* v. *Baker,* 130 *Ga.* 507 (2) (61 S. E. 127), and cit. The fact that the injunction sought was to prevent enforcement of an alleged illegal levy of a county tax would not require a different ruling.

■ The suit was against the county and the board of commissioners of roads and revenues, to restrain and permanently enjoin the enforcement and collection of an item in the levy of county taxes for the year 1928. After the order of the judge referred to in the preceding division, the tax-collector issued an execution against one of the plaintiffs. The execution was paid, except the amount of the item in the tax levy in question. An amendment to the petition alleging such facts and elaborating the grounds of complaint set out in the original petition was germane, and the trial judge did not err in allowing the amendment over the objections (a) that the case had been finally disposed of by the order referred to above, and therefore there was nothing to amend; (b) that the amendment would introduce new and distinct parties and issues that were in no way germane to any issue left in the case.

■ The ground of complaint alleged in the original petition and in the petition as amended was, in substance, that the item of the tax levy in question, for bridge purposes for the year 1928, exceeded $16,000, whereas there was no contract or contemplation of expenditures for such purposes exceeding $6,000, and that the real purpose of the commissioners was to provide a surplus of such bridge funds and at the end of the year apply that fund to support of the county chain-gang. The objects of county taxation are set forth in the Political Code, § 513, in nine separate subdivisions. The second subdivision is: "To build or repair court-houses or jails, bridges or ferries, or other public improvements, according to the contract." This would include building and repairing bridges, but not support of the chain-gang. Support of the chain-gang would come under subsection nine: "To pay any other lawful charge against the county." In § 514 it is declared that county tax shall be assessed by order "which must specify the per cent. levied for each specific purpose." Referring to this law as now embodied in the Code sections above mentioned, this court held, in *Mitchell* v. *Speer,* 39 *Ga.* 56, that the law contemplates, "that, in

assessing the county-taxes, there shall be a specific assessment for each of the objects mentioned." In the opinion it was said: "We deem this provision of the Code of great importance. . . By the division of the funds into as many as nine or ten smaller funds, the public are made aware of the uses to which the taxes are to be applied, and a far better control over the public money is secured." In *Sullivan* v. *Yow*, 125 *Ga.* 326 (supra), it was held that the Code "requires that the order of the ordinary, when assessing county taxes, shall specify the per cent. levied for each specific purpose. An order specifying the amount to be collected for each purpose, but not the per cent., fails to comply with the statute; and the collection of taxes on such an assessment was properly enjoined." The plan of levying the tax alleged in the petition in this case is violative of the statutes as construed and applied in the foregoing decisions. The item of the tax levy in question purports to be for bridge purposes, and does not disclose any intention to provide for support of the chain-gang. A tax levy for bridge purposes, intended to raise a sum sufficient for all contemplated bridge purposes and a surplus to be devoted to other purposes, does not conform to the statute and therefore is illegal. It fails to truly state the purpose of the levy, and does not lay a foundation for specifying the rate of taxation for the purposes intended.

The rulings announced in the fourth and fifth headnotes do not require elaboration.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*