27853. SMITH v. THE STATE.

DECIDED JANUARY 12, 1940. REHEARING DENIED MARCH 30, 1940.

W. E. & W. G. Mann, for plaintiff in error.
J. H. Paschall, solicitor-general, contra.

MACINTYRE, J. The indictment was in two counts. The charging part of the first count was that the defendant "unlawfully and with force and arms did have, control, and possess more than one quart of spirituous, distilled, vinous, and alcoholic liquors and beverages as defined by the act of the General Assembly of Georgia, approved February 3, 1938, in the County of Whitfield, not being one of the counties of Georgia within which such named liquors and beverages might be legally sold and transported under the terms of said act of the General Assembly of Georgia." The charging part of the second count was that the defendant did "unlawfully have, control, possess, conceal, store, and convey vinous, malt, alcoholic, distilled, and spirituous liquors and beverages as defined by the act of the General Assembly of Georgia, approved February 3, 1938, upon which the State tax and license fee due the State of Georgia had not been paid and which did not bear the tax stamp required by the act of the General Assembly of Georgia approved February 3, 1938." In his brief the defendant contends that "under the indictment in this case in two counts, containing various and numerous charges of controlling, concealing, storing, transporting, and possessing liquors, wines, ales, beer, etc., on defendant's

special demurrer thereto on the grounds set out, that the defendant was entitled to know for what specific offense he was to be tried, in order that he might prepare his defense thereto and defend same. We respectfully submit that the court erred in overruling the. special demurrer on each of the grounds thereof."

The indictment substantially conformed to the statute (Code, §§ 58-1065, 58-1077), and was not subject to the special demurrer. *Wells* v. *State,* 118 *Ga.* 556 (45 S. E. 443). The offense charged in each of the counts may be committed in each of the several ways alleged, and neither of the counts is double because it charges the offense therein alleged in several of the methods prescribed by the statute, none of those alleged being repugnant to each other. At the trial the offenses could have been established by proof of the commission of either of the prohibited acts; nor was the State bound to elect between them. *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622). There was amply sufficient evidence to support the verdict; and under the facts of this case the excerpts from the charge to the jury, complained of in the special grounds of the motion for new trial, are not meritorious.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*