BULLARD *v.* CULPEPPER, ordinary, *et al.*

No. 13420. September 24, 1940. Rehearing denied October 15, 1940.

*Edward T. Hughes,* for plaintiff.

*Robert Culpepper Jr., E. M. Davis,* and *F. S. Twitty,* for defendants.

GRICE, Justice. Error is assigned on the order dismissing the petition on general demurrer. As it then stood, the case was one solely against Palmer and Crow, chairman and secretary, respectively, of the Democratic Executive Committee of Mitchell County, "and the Democratic Executive Committee of said county." The petition sets out in detail violations of the election law contained in the Code, §§ 34-1902, 34-2002, and a complete disregard of the same in so far as a primary election held in Mitchell County on February 21 was concerned. The applicable statute, found in the Code as just indicated, imposes no legal duty on the committee calling the primary election, nor any officer or member thereof. This court has often declared that elections belong to the political branch of the government, and that courts of equity will not interfere to protect a *purely* political right. See *Avery* v. *Hale,* 167 *Ga.* 252 (145 S. E. 76), and the authorities there cited and reviewed. The plaintiff relies on *Moon* v. *Seymour,* 182 *Ga.* 702 (186 S. E. 744), and particularly the language in the first headnote to the effect that the law declared in the Code, § 34-1902, is mandatory, and that a complete disregard of that statute by the county authorities renders void and illegal an election. That decision, however, did not deal with a purely political right, but the case was made by equitable petition seeking to declare void

an election at which the question of the imposition of a tax was submitted to the voters. The distinction between that case and the one at bar is obvious. There are two rules, one of which is applicable when only a purely political right is involved; the other, where one's property or person is imperiled. This was pointed out in *Ogburn* v. *Elmore,* 121 *Ga.* 72 (48 S. E. 702), as follows: "Elections by the people, either for the choice of public officers, or for the determination of other matters submitted to the popular vote, being the exercise of the political power, the general rule is that a court of equity will not interfere in any matter concerning the same. However, if under the guise of an election which is really unauthorized by law, the property or person of the citizen is imperiled, equity will interfere." This difference was also recognized in *Coleman* v. *Board of Education,* 131 *Ga.* 643 (63 S. E. 41) (5). The judge did not err in dismissing the petition.

*Judgment affirmed. All the Justices concur.*