31625. GLASS *v.* THE STATE.

Decided September 4, 1947.

*Conger & Conger,* for plaintiff in error.

*M. E. O'Neal, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The case of *Wharton* v. *State,* 67 *Ga. App.* 545, 550 (supra), deals with

an election such as that held in the instant case, being held prior to the passage of the act of the General Assembly, referred to herein as § 58-1010a of the Code (Ann. Supp.), expressly providing for such elections. However, in the *Wharton* case this court held, in substance, that upon the presentation to the ordinary of a petition signed by 35 percent or more of the qualified voters of a county seeking to nullify the result of a previous election called in the same manner to make a county "wet," such an election is legal regardless of and prior to the enactment of § 58-1010a of the Code (Ann. Supp.), expressly authorizing the same, as being in accordance with the intention of the General Assembly in passing the original act. While it will be noted that § 58-1003 of the Code (Ann. Supp.) expressly provides that the election there contemplated will be called upon a petition signed by at least 35 percent of the registered voters, *qualified to vote at the general election, immediately preceding the presentation of the petition,* and § 58-1010a of the Code (Ann. Supp.) does not contain the language shown in italics, yet we think that a proper construction of §§ 58-1002 to 58-1010a, inclusive, together with the decisions of this court in the *Wharton* and *Sanders* cases, requires that the election provided for in §§ 58-1003 and 58-1010a of the Code (Ann. Supp.) be called in the same manner. No doubt the General Assembly had in mind that the preparation of a petition to call one of these elections might occur at any time in a county between general elections, and that the same could be circulated, signed, and presented with less confusion if the list of qualified voters, certified by registrars and used by the election managers at the preceding general election be used as a basis for the qualification for those signing such petition. Otherwise a citizen, qualified to sign at the time he affixed his signature, might become disqualified prior to its presentation. We therefore conclude that the ordinary of a county in which an election has previously been held, resulting in a majority of votes being cast in favor of taxing, legalizing, and controlling alcoholic beverages and liquors, upon the presentation, after a lapse of two years or more, of a petition signed by at least 35 percent of the registered voters of said county, qualified to have voted at the general election immediately preceding the presentation of said petition, is required to call an election for the purpose of nullifying the previous election;

and that those qualified to sign such a petition are those who were qualified to vote at the general election immediately preceding the presentation of the petition.

■ The accusation in this case charged in substance, among other things, that Decatur County is a "dry" county. It is the duty of the State to prove each and every material allegation of an accusation or an indictment. *Fulford* v. *State,* 50 *Ga.* 593; *Southern Express Co.* v. *State,* 23 *Ga. App.* 67 (2), 71 (97 S. E. 550); *Hightower* v. *State,* 39 *Ga. App.* 674 (148 S. E. 300). The State carried this burden prima facie upon the introduction of the resolution of the ordinary declaring the results of the election held in said county June 15, 1945, under § 58-1010a of the Code (Ann. Supp.). All duties of the ordinary required by the sections of the Code (Ann. Supp.), in connection with the calling and the declaration of the result of such an election, are presumed to be properly and legally performed. This presumption is prima facie, and if the legality of the election is attacked, the burden of proof is on the complaining party to overcome it. *Sanders* v. *Mason,* supra.

3. While possessing more than one quart of whisky in a "dry" county constitutes a violation of the general law of this State in such county (*Hennon* v. *State,* 62 *Ga. App.* 485, 7 S. E. 2d, 921), yet whether the county be "wet" or "dry" is a question of fact, depending upon whether or not a valid election has been held under § 58-1003 of the Code (Ann. Supp.), in which a majority of the voters favored taxing, legalizing, and controlling alcoholic beverages and liquors; and if so, dependent upon whether or not 2 years or more thereafter a valid election was held under § 58-1010a of the Code (Ann. Supp.), at which a majority voted in favor of nullifying the previous election. Whether the county be "wet" or "dry" has been held to be a proper allegation in the indictment. See, *Smith* v. *State,* 62 *Ga. App.* 484. We construe such allegation to be an essential part of the indictment and as matter which the State must establish by proof. In *Brockett* v. *Maxwell,* 73 *Ga. App.* 663 (38 S. E. 2d, 176), dealing with the same election under consideration in the instant case, this court held as follows: "The action of the ordinary in asserting and declaring the result of an election held under Chapter 58-10 of the Code (Ann. Supp.), to determine whether the manufacture, sale, and distribution of alcoholic beverages and liquors in the county shall be permitted or

prohibited, is ministerial and administrative, and not judicial." In the *Wharton* case, a plea in bar was filed by the defendant, the general nature of which is substantially the same as the plea in the instant case. In that case the plea was accepted as a stipulation of facts. All its allegations were therefore admitted. However, the point made by the defendant in that case was that the election was held before the passage of the act authorizing the same (Code, Ann. Supp., § 58-1010a). We are therefore of the opinion that since that accusation or the indictment must allege and prove the status of the county as to whether it is "wet" or "dry," and since the action of the ordinary in declaring the result of an election to fix such status is ministerial and administrative and not judicial, one charged with a penal violation of Chapter 58-10 of the Code (Ann. Supp.), has the right to file a special plea testing the validity of the election. A cursory reading of both § 58-1003 and § 58-1010a of the Code (Ann. Supp.) will disclose that, before the ordinary is authorized to call an election under either section, a petition must be presented signed by 35 percent or more of the qualified voters of the county. It follows that, if either election be called without such petition having first been presented, such election is a nullity.

■ The record before this court discloses that the list of voters of Decatur County, qualified to have voted at the general election immediately preceding the presentation of the petition to call the election under discussion in the instant case, in 13 parts, was introduced in evidence; also the petition calling for the election, in 39 parts, was introduced. Copies of these documents did not appear in the record. Appropriate order has not been entered to have them made a part of the record, for the reason that this case must be reversed on a ground independent thereof. However, it seems to us that, since the sole issue is whether or not the petition calling for the election, contained as many as 35 percent of the voters of Decatur County, qualified to have voted at the general election next preceding its presentation, the lists of such qualified voters of the county and copies of the petition are the highest and best evidence by which this issue may be determined. If either list require the deletion of names for any of the reasons alleged in the defendant's plea, such fact or facts should be established by the highest and best evidence thereof. Parol evidence will

doubtless be required to clarify the status of certain persons whose names appear one or more times on said lists. Certainly if any are disqualified by reason of nonpayment of poll taxes, the records of the proper tax officer of said county are the highest and best evidence thereof. Parol evidence may be required to show that certain persons, whose names appear on certain lists, are the same persons disqualified by reason of nonpayment of tax.

In this case the defendant sought to carry the burden of establishing the allegations of his plea, that less than 35 percent of those qualified had petitioned the ordinary for the election, by the testimony of a witness who counted names of the petition and checked the same against the lists of qualified voters of the county which he also counted, deleting names from both because of alleged plurality of signing of the petition by some, and lack of voting qualifications by others. This witness concluded that such petition contained less than the required number. This evidence was introduced without objection. The State then offered witnesses who likewise, by a process of counting and deleting, concluded that the number on said petition was more than the required number. A part of the State's evidence of this character was introduced without objection. Indeed enough to authorize the judge, trying the case without the intervention of a jury, to find that such petition did have 35 percent or more of the registered voters of Decatur County, qualified to vote at the general election immediately preceding its presentation.

■ Special ground 1 complains because Miss Nell Maxwell, ordinary, a witness for the State, was permitted to testify, over timely objection, based upon proper ground, that she as ordinary appointed two ladies to check the petition calling for the election with the registered list; that their report was in writing and was to the effect that the petition contained more than 35 percent of those qualified to vote in the general election held immediately preceding its presentation, and that she took their word for it. This is clearly hearsay evidence. Generally hearsay evidence is not admissible. *Robinson* v. *Alexander,* 65 *Ga.* 406; *Carter* v. *State,* 56 *Ga.* 463; *Heard* v. *McKee,* 26 *Ga.* 332. The testimony complained of comes within none of the exceptions as to hearsay evidence and is therefore inadmissible. Since this evidence was on the principal issue in the case, that is, whether or not 35 percent

610

or more of the registered voters of Decatur County had signed the petition calling for the election in question, it was harmful and prejudicial to the defendant. Nor can it be said that the same was cured because repeated by the witness, Mrs. Maddox, one of the two ladies about whom the witness Miss Maxwell testified as reporting to her, because Mrs. Scott, the other witness, did not testify.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*