BARRENTINE *et al. v.* GRINER, Ordinary, *et al.; et vice versa.*

WYATT, Justice. 1. The Code (Ann. Supp.), § 58-1010.1, dealing with the manner in which an election may be held on the question of nullifying a previous election legalizing the sale of whisky in a county, specifically provides that the ordinary shall call such an election "upon a petition by at least 35 percent of the registered qualified voters" of the county. Among the prerequisites to the call of such an election are: (1) no election can be called within two years after the date of the declaration of the result of a previous election (Code, Ann. Supp., § 58-1010); (2) no election shall be called except upon the petition of at least thirty-five percent of the registered qualified voters, qualified to vote in the general election immediately preceding the presentation of the petition (Code, Ann. Supp., §§ 58-1003, 58-1010.1)—these two sections must be construed together (*Glass* v. *State,* 75 *Ga. App.* 603, 44 S. E. 2d, 143); and (3) the election shall be held within thirty days from the filing of the petition, and notice of the election shall be published in the official gazette of the county once a week for two weeks preceding the election (Code, § 58-1003).

2. In *Whittle* v. *Whitley,* 202 *Ga.* 633 (44 S. E. 2d, 241), this court held that the requirements as to notice of such a special election was mandatory, and a failure to comply therewith vitiated the election; and this court further held that, in these circumstances, a petition by licensed liquor dealers, seeking to enjoin the ordinary from putting the result of such an election into effect, set forth a cause of action. The prerequisite as to a proper petition by thirty-five percent of the qualified registered voters is also mandatory; and it follows that a failure to comply with this mandatory prerequisite vitiates the election.

3. The cases of *Skrine* v. *Jackson,* 73 *Ga.* 377, and *Caldwell* v. *Barrett,* 73 *Ga.* 604, and any other case in conflict with the ruling here made, are, after notice to counsel for the parties in the present case and an opportunity to be heard, expressly overruled insofar as these decisions may hold that a court of equity is powerless to act where a mandatory prerequisite to the calling and holding of an election has not been complied with. In the opinion of the court, the principles announced and applied in *Whittle* v. *Whitley,* supra, present the sounder view.

(a) While, as a general proposition, courts of equity do not deal with contests of elections, and in matters touching the exercise of political functions the method of determining the result of an election pointed out by the legislature is ordinarily the one to be followed, the question in the present case is of a different character. It is not an election contest. It is an attack upon an election as being absolutely void, because of a lack of authority to hold the election due to a noncompliance with a mandatory prerequisite. There is a marked distinction between mandatory provisions of the law in regard to the calling of an election and those which are merely directory to the officials in holding them. A substantial violation of mandatory provisions affects the validity of the election, while a failure of strict compliance with directory provisions of the law, or mere irregularities on the part of election officers, will not generally do so; and the latter are usually the subject-matter of contests. To hold that the action of an official in declaring the result of

an election is conclusive and cannot be questioned in a court of equity, even where the official is clothed with no authority to hold the election because of a noncompliance with mandatory prerequisites, would lead to absurd results. For instance, in a special election on the question of legalizing the sale of liquor, an ordinary could, in disregard of all requirements, immediately, on his own initiative, call and hold a pretended election and announce that the county was "wet" or "dry." Would the courts, in such a case, be powerless to act, and would they of necessity be compelled to announce to the public that the action of the ordinary was conclusive, and the courts were without authority to declare the election void? We think not.

4. Applying the foregoing rulings, the petition in the instant case—alleging that, on a petition containing less than thirty-five percent of the registered voters, qualified to vote in the general election immediately preceding the presentation of the petition, the ordinary had called an election and declared the result to be against the sale of liquor, and praying that the order calling the election and the order declaring the result be decreed void, and that the ordinary be enjoined from putting the result of the election into effect—set forth a cause of action, and the court erred in sustaining the general demurrer thereto.

5. This being an equity case, facts transpiring after the filing of the petition, if germane to the original cause of action, may be alleged by amendment; and there was no merit in the defendants' demurrer to the second paragraph of the second amendment, based on the ground that the allegations as to arrests of the plaintiffs after the filing of the original petition were "irrelevant and immaterial for the reason that, whatever has transpired after the filing of plaintiffs' original petition in this case could not affect the plaintiffs' cause of action as of the date of the filing of such petition." The facts set forth in the amendment were germane to the cause of action stated in the original petition. See *Taylor* v. *Chattooga County*, 170 *Ga.* 607 (153 S. E. 741); *Byrd* v. *Prudential Insurance Co.*, 185 *Ga.* 310. 314 (195 S. E. 403).

6. The trial judge did not err in overruling other grounds of special demurrer to the second amendment to the petition. Without deciding whether a failure to seek relief prior to the holding of an election, where the election is illegally called, would ordinarily bar the plaintiffs who had participated therein from attacking the election after it was held, we think that the facts alleged were sufficient as an excuse for a failue to act until after the election was held.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. All the Justices concur.*

Nos. 16746, 16755. SEPTEMBER 12, 1949. REHEARING DENIED OCTOBER 13, 1949.

835

*J. P. Knight* and *Jack Knight,* for plaintiffs.

*H. L. Jackson* and *Franklin, Eberhardt & Barham,* for defendants.