89 So.2d 277

George Collins SMOTHERS

v.

STATE.

6 Div. 237.

Court of Appeals of Alabama.
Aug. 14, 1956.

John Patterson, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Geo. Young, Montgomery, of counsel, for the State.

Walter G. Woods, Tuscaloosa, for appellant.

HARWOOD, Presiding Judge.

The indictment against this appellant contained two counts, count 1 charging him with distilling, and count 2 with possession of a still, etc.

Each count is in code form, except that each contains an averment that the acts charged were "without authority of the Alabama Alcoholic Beverage Control Board."

In the trial below the evidence presented by the State tended to show that this appellant, together with three other men were observed by law enforcement officers at a still in Tuscaloosa County. The still

was in active operation, and at the time the presence of the officers was discovered the appellant was on top of the still attempting to bore a hole in the cap thereof. The appellant fled the scene, but was apprehended a short distance from the still.

Some 167 gallons of whiskey was found at the still at the time of the raid.

The appellant when apprehended claimed he was chasing a dog through the woods. He was bare from the waist up. A shirt and hat were found hanging near the still. Although the appellant disclaimed ownership, he donned both before being escorted away.

An automobile was found several hundred yards from the still. Therein was a shirt and clothing. The shirt had appellant's name in the neckband.

The appellant offered no evidence in the trial below.

■ Counsel for appellant argues that because of the lack of proof that the operation was "without authority of the Alabama Alcoholic Control Board," a fatal variance resulted between the allegation of the indictment and the proof submitted, and that the lower court erred in denying his motion to suppress the State's evidence based on this ground, the motion having been made at the conclusion of the State's case.

In Shirley v. State, Ala.App., 76 So.2d 787,[1] we held that where the indictment substantially followed the statute, and code form, the additional averment "without authority of the Alabama Alcoholic Beverage Control Board" was an unnecessary averment in no way affecting the validity of the indictment. The allegation being a mere surplusage, and not being descriptive of the offense, nor material to jurisdiction, need not be proved. Cauley v. State, 14 Ala. App. 133, 72 So. 271, and cases cited therein.

■ At the start of the trial the court sustained the State's objections to questions propounded to the jurors as to whether they believed in the principles of prohibition, or whether they believed in the prohibition law as it now stands.

The objections were properly sustained. The feeling of an individual juror toward the propriety of a criminal statute is immaterial. Under his juror's oath he is enjoined to render a true verdict according to the law and the evidence. Further, the extent of the examination of prospective jurors as provided for in Section 52, Title 30, Code of Alabama 1940, is largely within the sound discretion of the trial judge. See cases cited under above section.

■ An exception was reserved to the following portion of the court's oral instructions to the jury:

"Now, of course, the Alcoholic Beverage Control Board has no authority and cannot legally give permission to anybody to operate a still for the purpose of making prohibited liquors in any dry county. The Court takes judicial knowledge of the fact that this county has voted dry last June a year ago—I mean June of 1954, and since that time this has been a dry county, where the Alcoholic Control Board could not give authority. And if the acts of the defendant amounted to distilling or having a still in his possession, and if it occurred since June of last year, then, of course, it would be without the authority of the Alcoholic Control Board because they could not give authority since that time."

Section 68, Title 29, Code of Alabama, 1940, provides that any county in this State may change its classification from "wet" to "dry," or vice versa, by an election called by the Probate Judge, upon a petition filed with him, said petition being signed by twenty-five per cent of the number of voters voting in the last preceding

1. Ante, p. 104.

general election. Notice of the election must be given by publication in a newspaper for three weeks before the election. It is further provided that such election shall be held in the same manner as other county elections, and the returns tabulated and the results certified as provided by law for such elections.

By Section 200, Title 17, Code of Alabama 1940, the election supervisors, as provided in Section 199, supra, must make in writing a public declaration of the result, signed by at least two of the supervisors, which declaration must be published by posting a copy at the court house door, and filing the original in the office of the Probate Judge, which original must be recorded by the Probate Judge in a book kept for the purpose.

In view of the above provisions compelling notoriety for the holding of liquor elections in a particular county, together with the publishing and recording of the returns of such election, and the presumption that the public officials properly carried out their duties, fully warranted the trial court in charging the jury as above set out. Domin v. State, 85 Ga.App. 676, 70 S.E.2d 39.

■ Therefore, it being judicially known that Tuscaloosa County was a dry county, and had been for approximately a year at the time of the commission of this offense, neither the Alabama Alcoholic Beverage Control Board, nor any person, could legally manufacture alcoholic beverages therein. Section 5, Title 29, Code of Alabama 1940.

The above portion of the court's oral charge was therefore warranted under the legal principles governing.

■ The appellant's requested written charges were refused without error since they were either affirmative in nature and properly refused under the evidence, or were abstract, or not hypothecated upon the evidence, or misleading, or were covered by the court's oral charge or other charges given at appellant's request.

Other points are argued in appellant's brief. We have examined them, and find they are patently without merit. No purpose would be served by writing to them.

Affirmed.