19482.  ALTMAN *v.* COOPER *et al.*

Argued September 11, 1956—Decided October 10, 1956.

628

*Ben T. Willoughby, Leon A. Wilson II,* for plaintiff in error.
*Arthur B. Lott, Jr., Memory, Barnes & Memory,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) ■ It has long been the general rule in this State, as well as in many other jurisdictions (Caven *v.* Clark, 78 Fed. Supp. 295, 302), that "Elections belong to the political branch of the government, and courts of equity will not interfere to protect a *purely* political right." *Printup* v. *Adkins,* 150 *Ga.* 347 (1) (103 S. E. 843). See also to the same effect *Ogburn* v. *Elmore,* 121 *Ga.* 72 (1) (48 S. E. 702); *Harris* v. *Sheffield,* 128 *Ga.* 299, 303 (57 S. E. 305);

*Ivey* v. *City of Rome,* 129 *Ga.* 286, 288 (58 S. E. 852) ; *Avery* v. *Hale,* 167 *Ga.* 252 (1) (145 S. E. 76) ; *Kinman* v. *Monk,* 179 *Ga.* 132, 135 (175 S. E. 458) ; *Bullard* v. *Culpepper,* 190 *Ga.* 848, 849 (11 S. E. 2d 19) ; *Bergman* v. *Dutton,* 203 *Ga.* 672 (48 S. E. 2d 101). Counsel for the plaintiff in error concede in their brief that such has been the rule in this State since 1884 and down through 1940, but it is further insisted that the decisions of this court in *Whittle* v. *Whitley,* 202 *Ga.* 633 (44 S. E. 2d 241), and *Barrentine* v. *Griner,* 205 *Ga.* 830 (55 S. E. 2d 536), overruled the above cases by implication, and did away with the old rule of distinction between political rights and personal and property rights, and thus authorized a court of equity to interfere with and control political elections. With this contention we cannot agree. Those cases simply recognize an exception to the general rule to the effect that, where there is the lack of authority to hold an election due to non-compliance with a mandatory prerequisite to the calling of an election, the election is void ab initio. As pointed out in the *Barrentine* case, supra (headnote 3a), "There is a marked distinction between mandatory provisions of the law in regard to the calling of an election and those which are merely directory to the officials in holding them." There are also other exceptions to the general rule, as pointed out in *Bergman* v. *Dutton* (supra), such as where the election is unauthorized by law, or authorized by an invalid or unconstitutional law or ordinance, or where property or person of the citizens is imperiled.

■ There is no allegation in the present petition that the property or person of the petitioner is imperiled, or that the holding of the primary election was unconstitutional, or that the Democratic Executive Committee of the county was not authorized and empowered to call and conduct said primary election, or that there was any failure to comply with any mandatory prerequisite to the calling of the primary election. Neither does the petition allege that the petitioner has made any demand for a recount of the ballots as provided for by Code (Ann. Supp.) § 34-3223 et seq. Applying the foregoing rulings to the petition, the trial judge did not err in sustaining the demurrers thereto.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*