20618. SMITH *et al. v.* WALKER *et al.*

Wyatt, Presiding Justice. This is a petition by certain named residents and registered voters of Telfair County, Georgia, who are dissatisfied with the actions of the Board of Registrars of said county with reference to the handling of voting records in said county and other matters. It is addressed to "The Honorable John K. Whaley, Judge of the Superior Court" of Telfair County, who is the appointing authority, and who, under the authority vested in him by Code (Ann.) § 34-103, may remove the registrars for cause. The petition prays that the said judge remove the registrars from office and that he appoint successors who will comply with the law; that the registrars be given a separate office in which to keep voting records; that they be required to file answers; and that peti-

tioners have other relief. The registrars filed certain papers which are called demurrers, in which, among other things, the constitutionality of Code (Ann.) § 34-103 was attacked. The judge ruled only that the act was unconstitutional, restricting his ruling solely to this issue. No other ground of the demurrers was passed upon. To this ruling the petitioners in the matter below have filed a bill of exceptions, naming the Registrars of Telfair County as defendants in error. *Held:* It is clear that the matter presented to this court here is not a judicial proceeding. The petition is not addressed to any court. No process is prayed for and none is attached. There is no defendant named in the petition against whom relief is sought. The relief sought in the petition is not judicial relief. The matter here is simply a petition addressed to the judge as the person holding the office who has the authority to appoint and remove the registrars, requesting him to exercise the power given him under named Code sections. No effort is made to require him to do so under any form of judicial procedure authorized by law. A reading of the whole petition clearly shows that this matter is, as now presented, a purely political question, and that no effort is made to invoke the judicial powers of the court. Matters that are purely political in character are not reviewable by the courts. *Beall* v. *Beall,* 8 *Ga.* 210; *Avery* v. *Hale,* 167 *Ga.* 252 (145 S. E. 76); *McDonald* v. *Ga. Federation of Labor,* 178 *Ga.* 313 (173 S. E. 662). It therefore follows that the matter presented to this court in this case is not a matter which this court has jurisdiction to review. The writ of error is accordingly

*Dismissed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959.

*W. T. Whatley,* for plaintiffs in error.

*Preston Rawlins, B. D. Murphy, Powell, Goldstein, Frazer & Murphy,* contra.