20652. McNAIR *v.* ACHORD *et al.*

ARGUED OCTOBER 13, 1959—DECIDED NOVEMBER 4, 1959.

*Carl K. Nelson, Nelson & Nelson,* for plaintiff in error.

*Harris, Chance & McCracken,* contra.

DUCKWORTH, Chief Justice. While we have held in *Whittle* v. *Whitley,* 202 *Ga.* 633 (44 S. E. 2d 241), and *Barrentine* v. *Griner,* 205 *Ga.* 830 (55 S. E. 2d 536), that, where there is a lack of authority to hold an election due to non-compliance with

a mandatory prerequisite to the calling of an election, the election thus held is void ab initio, this ruling is an exception to the general rule that elections belong to the political branch of the government and equity will not interfere to protect a purely political right. See *Altman* v. *Cooper*, 212 *Ga.* 627 (94 S. E. 2d 685), and cases cited therein. Thus we have for decision here whether or not the requirement of notice allegedly not given, was mandatory or directory only. Counsel for the plaintiff in error seeks to have the court declare the failure to give notice of the election—either as referred to in the constitutional amendment or in Code § 34-2604—as a failure to perform a mandatory requirement, vitiating the election, and he relies in his brief on the *Whittle* and *Barrentine* cases, cited above, as well as on *Davis* v. *Dougherty County*, 116 *Ga.* 491 (2, 3) (42 S. E. 764), and *Roberts* v. *Murphy*, 144 *Ga.* 177 (1, 2) (86 S. E. 545). He states further that the holdings of the two former cases expressly overrule all cases holding to the contrary. The *Altman* case, cited above, completely refutes this, since this court therein pointed out that these cases did not overrule by implication the cases therein cited following the general rule, but that they were exceptions only. A brief reading of the cases relied upon by counsel discloses that they are all based on special elections in which the public has no other notice of the election except that required in order for the election to be held. But for the notice there could be no election, and the notice becomes indispensable to the holding of the election. Notice of the election here was given by the statute wherein the six county officers were created, and it contains notice of an election each year on the first Tuesday in February to elect the member whose term is expiring that year for a six-year term. Where the time and place for an election are fixed by law, the requirement of notice is directory only, but where they are not so fixed, and the duty of fixing them is committed to a municipal body or other officer vested with authority to call it, what the statute prescribes as to the giving of notice is mandatory. *Irvin* v. *Gregory*, 86 *Ga.* 605, 609 (13 S. E. 120). See also 18 Am. Jur. 245, § 106.

It follows from the above that it was error to enjoin the election to be held on the legal date set by law, and since the

petition here as amended failed to set out any reasons why the election was void or an exception to the general rule, it was subject to general demurrer. Whether or not the notice of this election was the same as that set out for the first election in 1957 or that required for county officers in Code § 34-2604, such requirement of notice was directory only, and the court did not err in dismissing the petition, since the election was not void for any reason assigned.

*Judgment affirmed. All the Justices concur.*