BOWEN, Presiding Judge.
Timothy Maxwell was convicted for robbery in the first degree and sentenced to twenty-five years’ imprisonment. On this appeal from that conviction, he argues that the State failed to present a prima facie case of first degree robbery because it failed to prove the monetary value of the personal property taken from the victim.
The indictment alleged the “theft of a purse of the value of twenty dollars; two lipsticks, aggregate value of eight dollars; one mascara of the value of three dollars and fifty cents; one eyelash curler of the value of four dollars; one gold ballpoint pen of the value of twenty dollars.” The defendant argues that, although it was unnecessary for the State to allege the value of the property in the indictment, once so alleged, the value had to be proved. We disagree.
“[T]he amount of money or the value of property taken is immaterial in a robbery prosecution. It is consistently held in Alabama that the crime of robbery is basically a crime against the person.” Anderson v. State, 443 So.2d 1364, 1371 (Ala.Cr.App.1983). “Alabama law did not generally concern itself with how much money or property was taken.” Alabama Code 1975, §§ 13A-8-40 through 13A-8-44 Commentary-
In Aaron v. State, 39 Ala. 75, 89 (1863), it was noted, “Each count in the indictment was clearly good as a count in voluntary manslaughter; and if the first count contained unnecessary averments, its validity was not thereby impaired. The most that could result from such unnecessary aver-ments, would be to hold the prosecuting attorney to the proof of it.”
“Allegations of value are not usually regarded as descriptive of identity, and, if unnecessarily averred, may be regarded as surplusage.” 42 C.J.S. Indictments § 155(2) (1944). In a prosecution for robbery, an allegation of the value of the property taken is unnecessary and need not have been proved. “Immaterial and unnecessary allegations constituting surplusage need not be proved; but an allegation, whether or not necessary, which is descriptive of the identity of that which is essential to the charge, cannot be rejected as surplusage and must be proved.” 42 C.J.S. Indictments at § 250. See also Smothers v. State, 38 Ala.App. 553, 555, 89 So.2d 277, 279 (1956) (“The allegation being a mere surplusage, and not being descriptive of the offense, nor material to jurisdiction, need not be proved.”). In Cauley v. State, 14 Ala.App. 133, 135, 72 So. 271, 272 (1916), it was held:
“The statute makes the stealing of a cow, regardless of the value of the cow, grand larceny (Code 1907, § 7324), and in such case it is not necessary to allege or prove value (Parker v. State, 111 Ala. 72, 20 South. 641). Therefore the allegation ‘of the value of thirty-five dollars,’ not being descriptive of the offense, was properly regarded as surplusage, and proof thereof was not necessary. Newsom v. State, 107 Ala. 137, 18 South. 206; *519 McGehee v. State, 52 Ala. 229; State v. Stedman, 7 Port. 495.”
The Alabama Criminal Code, effective January 1, 1980, enlarged and broadened the definition of robbery to include what had traditionally been regarded as assault with intent to rob and attempted robbery. Ex parte Wesley, 481 So.2d 1162 (Ala.1985); Petty v. State, 414 So.2d 182, 183 (Ala.Cr.App.1982). Under the present statutory definition of robbery, it is not essential that any property be taken from the victim. Consequently, the value and amount of any property taken is immaterial. §§ 13A-8-40 through 13A-8-44 Commentary.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.